IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| RAYLON LLC, § | | |
| § | | |
| Plaintiff § | | |
| § | | |
| vs. § | CASE NO. 6:09-CV-355 | |
| § | PATENT CASE | |
| COMPLUS DATA INNOVATIONS, et al., § | | |
| § | | |
| Defendants § | | |

| | | |
|---|---|---|
| RAYLON LLC, § | | |
| § | | |
| Plaintiff § | | |
| § | | |
| vs. § | CASE NO. 6:09-CV-356 | |
| § | PATENT CASE | |
| ADVANCED PUBLIC SAFETY, INC., et § | | |
| al., § | | |
| § | | |
| Defendants | | |

| | | |
|---|---|---|
| RAYLON LLC, § | | |
| § | | |
| Plaintiff § | | |
| § | | |
| vs. § | CASE NO. 6:09-CV-357 | |
| § | PATENT CASE | |
| EZ TAG CORPORATION, et al., § | | |
| § | | |
| Defendants § | | |

**MEMORANDUM OPINION AND ORDER**

Defendants' Rule 11 motions (Docket Nos. 104 and 106 in 6:09cv355, Docket Nos. 52 and 62 in 6:09cv356, Docket No. 76 in 6:09cv357) are before the Court. Complus and Fujitsu have

1

joined in the motions. Having considered the parties' written submissions and oral arguments, the Court **DENIES** the motions.

## BACKGROUND

Raylon LLC alleges Defendants infringe U.S. Patent No. 6,655,589. Defendants moved for summary judgment of noninfringement, and the Court heard arguments on those motions at the claim construction hearing. All of the '589 patent claims require a "display being pivotally mounted on said housing." Raylon contended "display being pivotally mounted on said housing" should be construed to mean "an electronic device attached to a housing that visually presents information and allows the display to be moved or pivoted relative to the viewer's perspective" and argued that the claim limitation was satisfied if the entire device, not just the display, could be pivoted relative to the viewer. EZ Tag proposed the term be construed as "an integral computer screen which can move positions with regard to the computer housing and is not maintained in a fixed position." The remaining Defendants contended the term means "the display must be mounted on the housing and the mounting of the display on the housing must be pivotal so that the display and housing may pivot with respect to each other."

At the claim construction hearing, the Court construed the term as "the display must be mounted on the housing so that the display and housing may pivot with respect to each other." It is undisputed that all of Defendants' accused products have displays that are rigidly mounted as to the housing. After hearing arguments on Defendants' motions for summary judgment of noninfringement, the Court granted the motions as to both literal infringement and infringement under the doctrine of equivalents. The Court then heard arguments on Defendants' motions for sanctions. Defendants contend that Raylon's infringement theory was so legally untenable that

Raylon violated Rule 11(b)(2) in bringing this suit.

## APPLICABLE LAW

Under Federal Rule of Civil Procedure 11, when an attorney signs or files a pleading, written motion, or other paper he certifies "to the best of [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." FED. R. CIV. P. 11(b)(2). In the context of patent infringement actions, Rule 11 requires that "an attorney interpret the pertinent claims of the patent in issue before filing a complaint alleging patent infringement." *Antonious v. Spalding & Evenflo Cos.*, 275 F.3d 1066, 1072 (Fed. Cir. 2002). Attorneys' proposed claim constructions are subject to Rule 11(b)(2)'s requirement that legal arguments be nonfrivolous. *Id*. Before filing suit, an attorney must make a "reasonable effort to determine whether the accused device satisfies each of the claim limitations." *Id*. at 1074.

Regional circuit law applies to the imposition of Rule 11 sanctions. *Id*. at 1072. In determining whether an attorney has complied with Rule 11, "the standard under which an attorney is measured is an objective, not subjective, standard of reasonableness under the circumstances." *Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 802 (5th Cir. 2003) (en banc).

## ANALYSIS

In claim construction and on summary judgment, Raylon took the position that the "display being pivotally mounted on said housing" element only required that the display pivot with respect to the user's view. The Court rejected Raylon's proposed construction and required that the display pivot with respect to the housing. As Defendants' displays are rigidly mounted to the housing, the

Court granted Defendants' motions of summary judgment of noninfringement for literal infringement and infringement under the doctrine of equivalents. Defendants contend that Raylon's claim construction and infringement positions are so unreasonable as to be legally frivolous, warranting Rule 11 sanctions. Defendants argued that Raylon's settlements with other defendants for less than the cost of defending the case is evidence that Raylon's infringement theory was frivolous.

Raylon did settle with some defendants for substantially less than their cost of defense. In some situations, a plaintiff asserting a large damages model while making very low offers of settlement early in the case may indicate that the plaintiff realizes its case is very weak or even frivolous. While the numbers cannot be determinative, they may be indicative of the good-faith nature with which the case is brought. Defendants contend that at least one of the settling defendants sells billions of dollars of products yet settled for less than one million dollars, but Raylon points out that its accused products were an extremely small portion of its business. Raylon described its damages model to the Court, which was not large for a patent case. Given that description, the earlier settlements were not so unreasonable as to indicate that Raylon believed its case was weak or frivolous.

While Raylon's claim construction arguments and infringement theory do stretch the bounds of reasonableness, and the Court rejected Raylon's positions, they do not cross that line. Although the Court ruled against Raylon on claim construction and on summary judgment, Raylon's positions do not warrant Rule 11 sanctions. Generally, taking losing positions on claim construction or infringement will not warrant sanctions. Rule 11 sanctions are only merited when an attorney's arguments are objectively frivolous. *See Antonious*, 275 F.3d at 1072; *Whitehead*, 332 F.3d at 802. This was not a case brought on frivolous infringement theories to recover nuisance value settlements

from Defendants. Rule 11 sanctions are not justified here.

As expressed at the hearing, this Court has some concerns about plaintiffs who file cases with extremely weak infringement positions in order to settle for less than the cost of defense and have no intention of taking the case to trial. Such a practice is an abuse of the judicial system and threatens the integrity of and respect for the courts. Often in such cases, a plaintiff asserts an overly inflated damages model, seeking hundreds of millions of dollars, and settles for pennies on the dollar, which is far less than the cost of defense. Where it is clear that a case lacks any credible infringement theory and has been brought only to coerce a nuisance value settlement, Rule 11 sanctions are warranted.

In contrast, there may be legitimate cases where a plaintiff settles with a few smaller defendants in an effort to raise needed capital in order to proceed to trial against the remaining major defendants. In those situations, plaintiffs typically settle with smaller defendants and proceed to trial against larger defendants who have larger damage potential. Such is a legitimate trial strategy. Moreover, the Court does not want to discourage early settlement of some or all defendants. This Court has always taken a favorable view of business resolutions to legitimate commercial disputes when those settlements are based on the case's merits and risks.

This Court has high expectations for the parties and counsel who file patent cases in the Eastern District of Texas, and an attorney who files a patent case has a serious responsibility to ensure that his case has merit and that he is prepared to take the case to trial. *See Antonious*, 275 F.3d at 1074. Most parties and counsel strive to meet these expectations. Prosecuting and defending patent litigation is undoubtedly expensive for both sides. And that expense must be born by both sides in resolving a dispute on the merits—by settlement or trial. But when it appears to the Court

that the cost of the litigation is more of a driving force than the merits of the patent-in-suit, then this Court will not hesitate to put the emphasis back on the merits of the patent-in-suit and consider Rule 11 sanctions if necessary.

## CONCLUSION

Accordingly, the Court **DENIES** the motions for sanctions.

**So ORDERED and SIGNED this 9th day of March, 2011.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**